UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donovan Terrell Pugh,
    Petitioner,

-v-

Kenneth McKee,
    Respondent.

No. 1:15-cv-350

HONORABLE PAUL L. MALONEY

# OPINION

On April 1, 2015, Petitioner filed a motion under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The State of Michigan, through McKee, filed its response on October 9, 2015. (ECF No. 5.) The Magistrate Judge issued an R&R on May 23, 2017, recommending that the petition be denied. (ECF No. 11.) Petitioner filed the instant objections on June 8, 2017. (ECF No. 12.) The matter is now before the Court for de novo review of Petitioner's objections to the R & R.

## I.     Statement of Facts

Petitioner takes no issue with the facts as summarized by the Magistrate Judge. Since he lodges objections only to legal conclusions, the Court adopts the summary of the facts contained in the R & R. (ECF No. 11.)

## II.    Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written

objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III. Analysis

Petitioner asserted several grounds for relief in his § 2254 petition: (1) the government's failure to produce eyewitnesses at his trial violated his constitutional right to confrontation; (2) his trial was tainted by evidence of an impermissibly suggestive pretrial identification; and (3) ineffective assistance of counsel. (ECF No. 1.) After examining each issue, the Magistrate Judge concluded Petitioner's arguments lacked merit and recommended that the Court deny his petition. (ECF No. 11.) Petitioner now lodges objections to the magistrate judge's legal recommendations. (ECF No. 12.) Although not a model of clarity, the Court construes Petitioner's objections liberally to raise two challenges

to the Magistrate Judge's conclusions: (1) that the Michigan Court of Appeals erred by concluding that an impermissibly suggestive identification at trial was harmless error; and (2) that he was deprived of his Sixth Amendment right to counsel because his trial attorney failed to object to or move to exclude evidence of the impermissible identification.

A. Impermissible Identification

Petitioner first renews his argument that introduction of the impermissibly suggestive identification at trial justifies relief from his conviction. He argues that if evidence of the identification had not been admitted, his conviction would not have been supported by sufficient evidence. (ECF No. 12 at PageID.1325-27.) However, Petitioner did not raise a sufficiency of the evidence claim in his § 2254 petition or at any time before the Magistrate Judge. (*See* ECF No. 1, 1-1.) Petitioners seeking habeas review cannot raise new grounds for relief when objecting to an R & R. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir.2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver.") Instead, the Court will construe Petitioner's objection as challenging the Michigan Court of Appeals conclusion that admission of the improper identification was harmless error.[1]

Petitioner's arguments relating to the impermissibly suggestive identification were thoroughly addressed by the Michigan Court of Appeals, as the magistrate judge noted. (ECF No. 11 at PageID.1313-14.) There, the court relied upon Supreme Court precedent to determine that the government's identification procedure *was* unduly suggestive and should

---

[1] Essentially, this is the same grounds for relief. If insufficient evidence supported Petitioner's conviction without the improper identification, then it could not be harmless error.

3

not have been admitted. It then proceeded to consider whether the improper identification was harmless error:

> Notwithstanding the above conclusion, we find that reversal is not warranted in this case. To warrant reversal under the plain error standard, a defendant must show that the plain error affected his substantial rights; that is, "that the error affected the outcome of the lower court proceedings." Carines, 460 Mich at 763-764. Defendant cannot do so in this case. First, it is apparent from the record that any prejudicial effect resulting from Williams' identification of defendant as the perpetrator was minimized by his defense counsel's rigorous cross-examination of Williams regarding his initial description of the assailants and the subsequent identification procedure that took place at the police station. Thus, the jury was well aware of the problems associated with Williams' identification of defendant. Moreover, while Williams' identification of defendant was the only direct evidence linking him to the armed robbery, we find the other, circumstantial evidence in this case was strong and sufficient to support defendant's convictions. Circumstantial evidence, along with the reasonable inferences drawn therefrom, can be sufficient to support a conviction. People v Wilkens, 267 Mich App 728, 738; 705 NW2d 728 (2005).
>
> In this case, the evidence established that defendant was in the Ford Escape after the armed robbery occurred. Moreover, when defendant was later found hiding under a porch, he was in possession of Williams' stolen iPhone. See People v Hayden, 132 Mich App 273, 283 n4; 348 NW2d 672 (1984) ("It is well established that the jury may infer that the possessor of recently stolen property was the thief"). Finally, black mask with eye holes cut out, which Williams testified was similar to the one used during the robbery, was found in the roadway near where the Ford Escape was stopped by police. Defendant could not be excluded as a donor of DNA found on that mask. It was reasonable for the jury to infer from all of this evidence that defendant was involved in the armed robbery. Accordingly, defendant cannot demonstrate that the out-of-court identification of defendant by Williams affected the outcome of the trial, and reversal is not warranted. Carines, 460 Mich at 763-764.

(ECF No. 6-11 at PageID.1142.)

A § 2254 challenge to a state court determination of "harmless error" requires a showing that the harmlessness determination was unreasonable. *Davis v. Ayala*, 135 S. Ct.

2187, 2199 (2015) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)). Harmlessness determinations are not unreasonable if "fairminded jurists could disagree" as to their correctness. *Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Petitioner's objection on this ground rests on a misunderstanding relating to the law of evidence. He states that without the impermissible identification:

> There is no direct evidence that [he] was part of the robbery. Only [sic] fact was the Petitioner in possession of the phone that was took from the Robbery and the fact that he may have ran from the car[, and] the police found a mask close by. Now let's review the law in relation to these facts, if the identification had been suppressed as it should have been in the case. There [sic] testimony that the Petitioner was in the vicinity of the crime scene shortly before and after the Robbery, even if believed, these facts is insufficient to establish guilt under Michigan law.

However, circumstantial evidence is entitled to the same weight as direct evidence, and circumstantial evidence alone is sufficient to sustain a conviction. *United States v. Mack*, 808 F.3d 1074, 1080 (6th Cir. 2015.)

After reviewing the Michigan Court of Appeals decision and the magistrate judge's recommendation, the Court concludes that the harmless error determination was reasonable. Significant circumstantial evidence linked Petitioner to the crime. As the magistrate judge noted:

> Petitioner admitted riding in the vehicle while the phone was being transported away from the crime scene and while it was being electronically tracked by the victim and his girlfriend. A mask matching Williams' description was found on the road near where the vehicle was stopped by police. Petitioner ran from the vehicle when it was stopped. And Petitioner was found in possession of the phone, hiding from the police under a low porch.

(ECF No. 11 at PageID.1317.) Because of the extensive circumstantial evidence, Petitioner is unable to show that the Michigan Court of Appeals determination that the identification was harmless was "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ayala*, 562 U.S. at 103. Accordingly, Petitioner's first objection is without merit.

### B. Ineffective Assistance of Trial Counsel

Next, Petitioner claims that his trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. The standard for ineffective assistance of counsel, as established in *Strickland v. Washington*, requires a defendant to prove (1) that defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the unprofessional errors, the outcome of the proceedings would have been different. 466 U.S. 668, 694 (1984). Either prong may be addressed first, and the failure to demonstrate prejudice obviates the need for the Court to address the counsel performance prong, and vice versa. *Id.* at 697. The burden is on the defendant to prove that his counsel provided ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

When considering whether counsel's performance fell below an objective standard of reasonableness, courts must "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citing *Strickland*, 466 U.S. at 688). The defendant has the burden to show that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

6

To establish ineffective assistance, the defendant must show that his counsel's representation was incompetent under prevailing professional norms, not merely that it deviated from best practices or common custom, and that the conduct was not sound trial strategy. *Strickland*, 466 U.S. at 690. Courts must be highly deferential and consider the circumstances of the attorney's conduct at the time of the performance, not with the benefit of hindsight. *Id.* at 689. It is especially difficult to challenge strategic decisions made after a thorough investigation of the relevant law and facts; such decisions are "virtually unchallengeable." *Rayborn v. United States*, 489 F. App'x 871 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 690). Defendants cannot compel their attorneys to assert even non-frivolous arguments if counsel decides not to press those points as a matter of professional judgment. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Petitioner's ineffective assistance of counsel argument is derivative of his first argument. He claims that his attorney provided constitutionally ineffective assistance by failing to object to or move to exclude the above-mentioned impermissible identification. Petitioner previously raised this issue with the Michigan Court of Appeals on direct appeal. (ECF No. 6-11 at PageID.1142–43.) That court explicitly applied the *Strickland* test and determined Petitioner's counsel was within a range of reasonable professional conduct because petitioner's counsel rigorously cross-examined the witness in an attempt to undermine the witness' credibility. (*Id.*) Additionally, that court held that Petitioner was unable to show that "but-for" his counsel's failure to object, the outcome of the trial would have been different. (*Id.*)

When a federal court reviews a state court's application of *Strickland* in a § 2254 petition, the standard becomes even more deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). Under the circumstances, the appropriate standard is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Here, Petitioner's argument fails before it even gets off the ground. The underlying conduct that Petitioner challenges—introduction of an impermissible suggestive identification—has already been analyzed and found to be harmless. Thus, there is a more-than-reasonable argument that Petitioner's counsel met the standard in *Strickland* because counsel's failure to object to evidence of the impermissible identification was inconsequential and did not result in any prejudice to the Petitioner. Accordingly, Petitioner's second objection lacks merit.

## IV. Conclusion

In short, Petitioner has presented no claim for which he is entitled to relief.

### Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at

467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, a reasonable jurist would not conclude the Court's assessment of each of petitioner's claims to be debatable or wrong, particularly in light of the AEDPA deference owed to the Michigan courts. Accordingly, Petitioner's certificate of appealability is **DENIED**.

## ORDER

For the reasons discussed in the accompanying opinion: Petitioner's objections are **OVERRULED** (ECF No. 12); the Magistrate Judge's report and recommendation is **ADOPTED** (ECF No. 11); Petitioner's petition is **DENIED** (ECF No. 1); a certificate of appealability is **DENIED**. Judgment will enter separately.

**IT IS SO ORDERED.**

Date: October 17, 2017         /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge

9